**Westlaw.**

Not Reported in F.Supp.2d                                                                                               Page 1

Not Reported in F.Supp.2d, 2001 WL 1502870
(Cite as: Not Reported in F.Supp.2d)

Not Reported in F.Supp.2d, 2001 WL 1502870
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Melissa Laverne WATERS, Plaintiff,
v.
Linda EVANS, Stanley Taylor, and Patrick Ryan,
Defendants.
No. Civ.A. 01-145-SLR.

Nov. 19, 2001.

MEMORANDUM ORDER

ROBINSON, J.

I. INTRODUCTION

On March 2, 2001, plaintiff Melissa Laverne Waters filed this action against defendants Linda Evans, Stan Taylor and Patrick Ryan alleging civil rights violations under 42 U.S.C. § 1983 in that " medical neglect" violated her Eighth Amendment right to be free from cruel and unusual punishment. (D.I. 2 at 3) Currently before the court are defendants' motions to dismiss the complaint for failure to exhaust administrative remedies and for failure to state a claim. (D.I.12, 14) For the reasons stated below, defendants' motions to dismiss are granted.

II. BACKGROUND

Plaintiff is an inmate within the Delaware Department of Correction and is housed at the Baylor Women's Correctional Institution ("BWCI") in New Castle, Delaware. Plaintiff was diagnosed with Crohn's Disease in 1993, and has since undergone several surgeries, including a resection of the anus, colectomy and ileostomy. (D.I. 12, Ex. A at 10, 15) On November 8, 2000, plaintiff claims that she asked a correction officer to call the prison medical facility to request a new ileostomy bag because the one that she was wearing was leaking feces. (D.I. 2 at 3) Plaintiff alleges that she was not allowed to have a new bag because "they had told me I could only have a bag once a week," and that a nurse unsuccessfully attempted to tape the existing bag. (*Id.*) Plaintiff claims that another nurse called defendant Linda Evans, the head nurse, who determined that plaintiff could wear the "same bag for a couple more days." (*Id.*) Plaintiff's medical records indicate that on April 9, 2001, plaintiff was allowed two ileostomy bags per week. (D.I. 12, Ex. A at 27) Appended to plaintiff's complaint is a grievance form that plaintiff filed over the incident to which prison administration allegedly did not respond. (D.I. 2 at 2)

III. STANDARD OF REVIEW

Because the parties have referred to matters outside the pleadings, defendants' motions to dismiss shall be treated as motions for summary judgment. *See* Fed.R.Civ.P. 12(b)(6). A party is entitled to summary judgment only when the court concludes " that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no material issue of fact is in dispute. *See Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n.10 (1986). Once the moving party has carried its initial burden, the nonmoving party "must come forward with ' specific facts showing that there is a genuine issue for trial." ' *Id.* at 587 (quoting Fed.R.Civ.P. 56(e)). "Facts that could alter the outcome are 'material', and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.,* 57 F.3d 300, 302 n.1 (3d Cir.1995). If the nonmoving party fails to make a sufficient showing on an essential element of his

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                          Page 2
Not Reported in F.Supp.2d, 2001 WL 1502870
(Cite as: Not Reported in F.Supp.2d)

case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that factual issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The court, however, must "view all the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995).

### IV. DISCUSSION

#### A. Exhaustion of Administrative Remedies

Defendants argue that plaintiff did not exhaust her administrative remedies prior to filing this action pursuant to the Prison Litigation Reform Act (" PLRA"), 42 U.S.C. § 1997e(a). FN1 Before filing a civil action, a plaintiff-inmate must exhaust her administrative remedies, even if the ultimate relief sought is not available through the administrative process. *See Booth v. Churner*, 206 F.3d 289, 300 (3d Cir.2000), *cert. granted*, 531 U.S. 956 (2000), *aff'd*, 121 S.Ct. 1819 (2001). *See also Ahmed v. Sromoski*, 103 F.Supp.2d 838, 843 (E.D.Pa.2000) (quoting *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000) (stating that § 1997e(a) "specifically mandates that inmate-plaintiffs exhaust their available administrative remedies"). In the case at bar, although the entire medical grievance procedure was not completed, plaintiff sufficiently pursued her administrative remedies by filing a grievance form. Thus, the court finds that plaintiff exhausted her administrative remedies.

> FN1. The PLRA provides, in pertinent part: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
> 42 U.S.C. § 1997e(a).

#### B. Plaintiff's Eighth Amendment Claim

To state a violation of the Eighth Amendment right to adequate medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *accord White v. Napoleon*, 897 F.2d 103, 109 (3d Cir.1990) . Plaintiff must demonstrate: (1) that she had a serious medical need, and (2) that the defendant was aware of this need and was deliberately indifferent to it. *See West v. Keve*, 571 F.2d 158, 161 (3d Cir.1978); *see also Boring v. Kozakiewicz*, 833 F.2d 468, 473 (3d Cir.1987).

The seriousness of a medical need may be demonstrated by showing that the need is " 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." ' *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987) (quoting *Pace v. Fauver*, 479 F.Supp. 456, 458 (D.N.J.1979)). Moreover, "where denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Id.*

As to the second requirement, an official's denial of an inmate's reasonable requests for medical treatment constitutes deliberate indifference if such denial subjects the inmate to undue suffering or a threat of tangible residual injury. *See id.* at 346. Deliberate indifference may also be present if necessary medical treatment is delayed for non-medical reasons, or if an official bars access to a physician capable of evaluating a prisoner's need for medical treatment. *See id.* at 347. However, an official's conduct does not constitute deliberate indifference unless it is accompanied by the requisite mental state. Specifically, "the official [must] know ... of and disregard ... an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference can be

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 3
Not Reported in F.Supp.2d, 2001 WL 1502870
(Cite as: Not Reported in F.Supp.2d)

drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). While a plaintiff must allege that the official was subjectively aware of the requisite risk, he may demonstrate that the official had knowledge of the risk through circumstantial evidence and "a fact finder may conclude that a[n] ... official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842.

While plaintiff's medical condition may constitute a "serious medical need," the court finds that there is no evidence to suggest that defendants Stan Taylor, Commissioner of the Department of Correction, and Patrick Ryan, Warden of BWCI, were personally involved in, or had knowledge of, the alleged incident. The record also indicates that defendant Linda Evans' denial of plaintiff's request for another ileostomy bag was a decision by a medical professional that does not rise to a constitutional violation. *See Boring,* 833 F.2d at 473 ("[C]ourts will not 'second-guess the propriety or adequacy of a particular course of treatment [which] remains a question of sound professional judgment.' ") (citing *Inmates of Allegheny County v. Pierce,* 612 F.2d 754, 762 (3d Cir.1979)). Thus, the court finds that there exist no genuine issues of material fact that defendants acted with "deliberate indifference" toward plaintiff's medical needs.

## V. CONCLUSION

Therefore, at Wilmington, this 19th day of November, 2001;

IT IS ORDERED that defendants' motions to dismiss (D.I.12, 14) are granted. The Clerk of Court is directed to enter judgment against plaintiff and in favor of defendants.

D.Del.,2001.
Waters v. Evans
Not Reported in F.Supp.2d, 2001 WL 1502870

Briefs and Other Related Documents (Back to top)

• 1:01CV00145 (Docket) (Mar. 02, 2001)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

Westlaw.

Not Reported in F.Supp.2d                                                                                                          Page 1

Not Reported in F.Supp.2d, 2002 WL 31927434
**(Cite as: Not Reported in F.Supp.2d)**

Not Reported in F.Supp.2d, 2002 WL 31927434
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Wayne J. CHURCH, Plaintiff,
v.
DEPARTMENT OF CORRECTION, Stanley Taylor, Rafael Williams, and B.T.A.L., Defendants.
No. Civ.A. 00-085-SLR.

Dec. 18, 2002.

MEMORANDUM ORDER

ROBINSON, J.
Plaintiff Wayne J. Church, SBI # 268309, a *pro se* litigant, is presently incarcerated at the Multi-Purpose Criminal Justice Facility ("Gander Hill") located in Wilmington, Delaware. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

I. STANDARD OF REVIEW

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process. First, the court must determine whether plaintiff is eligible for pauper status. On February 9, 2000, the court granted plaintiff leave to proceed *in forma pauperis* and ordered him to pay $1.67 as an initial partial filing fee within thirty days from the date the order was sent. Plaintiff paid the $1.67 on March 7, 2000.

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) -1915A(b)(1). FN1 If the court finds plaintiff's complaint falls under any of the exclusions listed in the statutes, then the court must dismiss the complaint.

> FN1. These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an *in forma pauperis* complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) -1915A(b)(1), the court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6). *See Neal v. Pennsylvania Bd. of Probation and Parole,* No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997) (applying Rule 12(b) (6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). *Pro se* complaints are held to " less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ' *Estelle v. Gamble,* 429 U.S. 97, 106 (1976) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

The standard for determining whether an action is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&format=HTMLE&dataid=B005580000...    06/21/2005

Not Reported in F.Supp.2d                                                                                              Page 2
Not Reported in F.Supp.2d, 2002 WL 31927434
(Cite as: Not Reported in F.Supp.2d)

frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). FN2 As discussed below, plaintiff's claims have no arguable basis in law or in fact and shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) -1915A(b)(1).

> FN2. *Neitzke* applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable. *See* § 804 of the PLRA, Pub.L.No. 14-134, 110 Stat. 1321 (April 26, 1996).

II. DISCUSSION

A. Complaint

Plaintiff alleges that at approximately 10:30 p.m. on January 12, 2000, one of the inmates in Cell 18 flushed the toilet and it overflowed into plaintiff's cell, Cell 17. Plaintiff further alleges that Officer Wright, who plaintiff has not named as a defendant, allowed the "tierman" to clean up the tier as well as Cell 18. FN3 However, plaintiff alleges that Officer Wright ignored his request to open the cell door, so he could clean his cell as well. Plaintiff claims that after the shift change at 12:00 a.m., he asked the correctional officer on duty to open the door. Plaintiff alleges that he had to wait until 1:00 a.m. to clean his cell. Plaintiff further alleges that he had to wait until the next day to get clean sheets and to take a shower. (D.I. 2 at 3) Plaintiff alleges that he filed a grievance, but did not receive a response from prison authorities. (D.I. 2 at 2) Plaintiff requests a declaratory judgment and unspecified damages for his pain and suffering. (D.I. 2 at 4)

> FN3. Plaintiff has listed "B.T.A.L." as a defendant in the complaint. However, he has not indicated who or what this defendant is. Nor has he raised any allegations specifically regarding this defendant. Consequently, the court is unable to address any issues regarding this defendant in the memorandum order.

B. Analysis

1. Absence of Physical Injury Required by § 1997e(e)

Plaintiff alleges that all of the defendants have violated his right to be free from cruel and unusual punishment under the Eighth Amendment, because a toilet overflowed into his cell. Plaintiff does not allege that he suffered any physical injury while he waited for his cell to be cleaned. Plaintiff merely alleges that he waited three and one half hours for his cell to be cleaned. He requests that the court " hold and make the defendants responsible for their actions. They know they are overcrowded and have put us in jeopardy health wise and should be made to pay for our pain [and] mental anguish." (*Id.*)

When Congress enacted the PLRA, it limited the types of law suits prisoners could bring for damages. Specifically, § 1997e(e) of the PLRA, entitled "Limitation on Recovery," provides:
> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

The Third Circuit has held that "[u]nder § 1997e(e) ..., in order to bring a claim for mental or emotional injury, suffered while in custody, a prisoner must allege physical injury." *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir.2000). Section 1997e(e) limits recovery of compensatory damages, but does not bar prisoners from seeking nominal damages or punitive damages to vindicate constitutional rights. *See id.*, at 251; *Doe v. Delie*, 257 F.3d 309, 314 n. 3 (3d Cir.2001). Therefore, to the extent that plaintiff is seeking compensatory damages, his claim is barred by § 1997e(e).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 3
Not Reported in F.Supp.2d, 2002 WL 31927434
(Cite as: Not Reported in F.Supp.2d)

### 2. Plaintiff's Eighth Amendment Claim

To the extent that plaintiff is seeking a declaratory judgment, as well as nominal and punitive damages, his claim must still fail. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney,* 509 U.S. 25, 32 (1993). However, to establish an Eighth Amendment violation, plaintiff must allege that he has endured a sufficiently serious deprivation and that the defendants have acted with deliberate indifference to his plight. *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). Thus, in order to prove that the defendants have violated his rights under the Eighth Amendment, plaintiff must satisfy a two prong test which is both objective and subjective. *Id.*

To satisfy the objective prong, plaintiff must allege that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citing *Helling v. McKinney,* 509 U.S. at 35). Serious harm will be found only when the conditions of confinement " have a mutually enforcing effect that produces the deprivation of a single identifiable human need such as food, warmth, or exercise," and "[n]othing so amorphous as 'overall conditions' can rise to the level of [such a violation] when no specific deprivation of a single human need exists." *Blizzard v. Watson,* 892 F.Supp. 587, 598 (D.Del.1995) (citing *Wilson v. Seiter,* 501 U.S. at 303-304).

Here, plaintiff alleges that he had to wait a matter of hours to have his cell cleaned and to receive clean sheets and a blanket after a toilet backed up into his cell. (D.I. 2 at 3) Several courts have found that certain conditions are not cruel and unusual because the inmate was subjected to the condition for only a short period of time. *See e.g. Miller v. Glanz,* 948 F.2d 1562, 1569-70 (10th Cir.1991)(plaintiff experienced only 'momentary discomfort when he was handcuffed in "awkward position" for two hours); *Harris v. Fleming,* 839 F.2d 1232, 1235-36 (7th Cir.1988) (plaintiff "experienced considerable unpleasantness" for five days due to "filthy, roach infested cell" but conditions were not unconstitutional); *Whitnach v. Douglas County,* 16 F.3d 954, 958 (8th Cir.1994) (plaintiffs experienced "intolerable conditions" for less than 24 hours before "adequate cleaning supplies" were made available to make conditions tolerable).

Although plaintiff's experience as described was unpleasant, it was not unconstitutional. Plaintiff has not satisfied the objective prong of the *Helling* requirements. Accordingly, it is not necessary to address the subjective prong of the *Helling* requirements. *See Helling v. McKinney,* 509 U.S. at 35. Plaintiff's claim that the defendants violated his rights under the Eighth Amendment has no arguable basis in law or in fact. Therefore, plaintiff's Eighth Amendment claim against the defendants is frivolous and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) -1915A(b)(1).

### 3. Plaintiff's Vicarious Liability Claim

Even if plaintiff's Eighth Amendment claim was not frivolous, the court would dismiss plaintiff's claim against defendants Taylor and Williams. Plaintiff states that defendant Taylor is the Commissioner of the Department of Correction ("DOC") and that defendant Williams is the Warden at Gander Hill. (D.I. 2 at 2) Plaintiff has not made any specific allegations regarding these defendants. In fact, nothing in the complaint indicates that either defendant was aware of the incident on January 12, 2000.

Plaintiff's claim against defendants Taylor and Williams is based solely on a vicarious liability theory and must also be dismissed. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Dep't of Social Services of City of New York,* 436 U.S. 658 (1978) ; *Rizzo v. Goode,* 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir.1989) (citing *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389 (1989)). Here, plaintiff does not raise any specific allegations regarding defendants

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 4
Not Reported in F.Supp.2d, 2002 WL 31927434
(Cite as: Not Reported in F.Supp.2d)

Taylor or Williams. Rather, plaintiff implies that these defendants are liable simply because of their supervisory positions. (D.I. 5 at 2)

Nothing in the complaint indicates that any of the defendants were the "driving force [behind]" Officer Wright's actions, or that they were aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks,* 885 F.2d at 1118. To the extent that plaintiff seeks to hold defendants Taylor and Williams vicariously liable for Officer Wright's actions, he has no arguable basis in law or in fact. Therefore, plaintiff's vicarious liability claim against defendants Taylor and Williams is frivolous and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) -1915A(b)(1).

4. Eleventh Amendment and Sovereign Immunity

Finally, plaintiff's claim against the Department of Correction must also fail. "[T]he Supreme Court has held that neither a State nor its officials acting in their official capacities are 'persons' under § 1983 ." *Ospina v. Dep't of Corrections, State of Del.,* 749 F.Supp. 572, 577 (D.Del.1991) (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989)). The Department of Correction, as a state agency, is not a person under § 1983. Consequently, "[a]bsent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh,* 661 F.2d 23, 25 (3d Cir.1981) (citing *Alabama v. Pugh,* 438 U.S. 781 (1978) (*per curiam* )). Furthermore, the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Dep't of Corrections,* 749 F.Supp. at 579. Plaintiff's claim against the Department of Correction has no arguable basis in law or in fact. Therefore, plaintiff's claim against the Department of Correction is frivolous and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) -1915A(b)(1).

NOW THEREFORE, at Wilmington this 18th day of December, 2002, IT IS HEREBY ORDERED that:

1. To the extent that plaintiff is seeking compensatory damages, his claim is barred under 42 U.S.C. § 1997e(e).

2. Plaintiff's Eighth Amendment claim is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) -1915A(b)(1).

3. To the extent that plaintiff is attempting to hold defendants Taylor and Williams vicariously liable for Officer Wright's action, his claim is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) -1915A(b)(1).

4. Plaintiff's claim against the Department of Correction is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) -1915A(b)(1).

5. The clerk shall mail a copy of the court's Memorandum Order to the plaintiff.

D.Del.,2002.
Church v. Department of Correction
Not Reported in F.Supp.2d, 2002 WL 31927434

Briefs and Other Related Documents (Back to top)

• 1:00CV00085 (Docket) (Feb. 09, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.