IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JULIAN A. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-1367-KAJ |
| | ) |
| STANLEY TAYLOR, THOMAS | ) |
| CARROLL, DR. ALIE, and RN IHOMA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

**I.     INTRODUCTION**

Before me is a Motion for Representation by Counsel (D.I. 4) brought by Julian Miller ("Miller"), a *pro se* litigant proceeding *in forma pauperis* (D.I. 6). Miller brings this action under 42 U.S.C. §1983, alleging that his Eighth Amendment right to be free from cruel and unusual punishment has been violated through the denial of adequate medical care at the Delaware Correctional Center in Smyrna, Delaware ("DCC"), where he is incarcerated. (D.I. 3 at ¶¶ 1, 46.)

For the reasons that follow, the Motion for Representation by Counsel (D.I. 4) will be granted.

**II.    BACKGROUND[1]**

Miller first requested medical attention to address pain in his feet in January 2004 by submitting a "sick call" slip to DCC officials. (D.I. 3 at ¶ 9.) Over the next nine

---

[1]The following background information is drawn from the plaintiff's submissions and does not constitute findings of fact.

months Miller made repeated requests for treatment and filed several grievances as his condition worsened to a degree that he was unable to "sleep, exercise, or walk properly." (D.I. 3 at ¶ 37.) Miller was relocated by DCC staff because he was unable to walk to his meals three times a day due to the pain in his feet. (D.I. 3, Ex. V at 2.)

Miller was seen and treated by prison medical personal (D.I. 3 at ¶¶ 10, 25), yet his condition continued to worsen (D.I. 3, Ex. U). After filing multiple grievances seeking an examination by an outside specialist (D.I. 3 at ¶¶ 27, 37), Miller filed this suit (D.I. 2).

Along with his complaint, Miller filed a one-page "Motion for Appointment of Counsel"[2] ("Motion") using a form document. (D.I. 4.) This form document has a space to fill in party names, and includes generic statements declaring that the requester is incarcerated, unskilled in the law, and subject to limited access to a legal library. (*Id.*)

## III. DISCUSSION

Any submission by a *pro se* litigant enjoys greater leeway in technical and procedural matters. *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993). District Courts construe *pro se* submissions liberally, allowing the court to address the substance of the issues involved despite any technical deficiencies. *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999). Although the court may overlook informalities, and even apply unarticulated law where appropriate, only information that has been communicated to the court can be considered. *Id.*

---

[2]District Courts are not authorized to appoint counsel in civil cases, but are empowered to request an attorney to represent an indigent civil litigant, therefore, I consider Miller's Motion as a Motion to Request Counsel. *See* 28 U.S.C. § 1915(d).

When considering a *pro se* litigant's motion for representation by counsel, a district court should consider: 1) the merit of the case; 2) the plaintiff's ability to present his or her case; 3) the complexity of the legal issues involved; 4) the degree of factual investigation required; 5) the extent and complexity of discovery; and 6) the impact on the case of credibility determinations or expert testimony. *See id.* at 155-56.

Here, Miller has not supported his Motion with anything other than a few generic sentences on a form. (*See* D.I. 4.) Despite the generic nature of Miller's Motion, his complaint and related papers provide relevant information for analyzing the *Tabron* factors and assessing the appropriateness of court-requested counsel in this case. His papers include extensive documentation[3] of his requests for medical attention, each detailing his symptoms, which appear to progress over time. (D.I. 3, *passim.*) His documentation also indicates inconsistencies or confusion among the medical care providers. (*See* D.I. 3, Ex. G-3, Ex. J, Ex. S at 2.) Accordingly, Miller's case appears to have merit, as he has documented the progression of his condition, leaving him essentially unable to walk, with an arguable lack of care. (*See* D.I. 3, Ex. U, Ex. T.)

The quality of Miller's papers demonstrates that he is in many respects capable of representing himself. He has organized and clearly presented extensive facts and maintained exhaustive records concerning this matter. (*See* D.I. 3.) His papers reference the U.S. Constitution, appropriate statutes, and specific language dictated by

---

[3]Miller attached to his complaint (D.I. 3) almost 30 pages of exhibits generated between February and October 2004.

case law. (*See* D.I. 3 at ¶¶ 1, 46.) His filings suggest by their quality that he has adequate access to legal resources.[4]

Nevertheless, Miller's case appears to have sufficient merit and to be sufficiently complex from the standpoint of necessary medical testimony that it is appropriate to seek counsel for him. Miller has diligently assembled documents concerning his complaints of pain and requests for medical treatment, but he will likely need the assistance of counsel to deal with witness examinations addressing expert testimony.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Representation by Counsel (D.I. 4) is GRANTED to the extent that I will request the assistance of an attorney for Miller.

UNITED STATES DISTRICT JUDGE

October 13, 2005
Wilmington, Delaware

---

[4]For example, Miller has shown he is aware of his rights and responsibilities in litigating this case, as he filed a timely Request for Default Entry when defendants failed to respond to his complaint. (D.I. 11.)