IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JULIAN A. MILLER,<br><br>  Plaintiff,<br><br>  v.<br><br>STANLEY TAYLOR, individually and in his official capacity as Commissioner of the Delaware Department of Correction; THOMAS CARROLL, individually and in his official capacity as Warden of the Delaware Correctional Center at Smyrna; DR. ALIE, individually and in her official capacity as Medical Director at DCC Smyrna; RN IHOMA, individually and in her official capacity as Registered Nurse at DCC Smyrna,<br><br>  Defendants. | C.A. No. 04-1367-KAJ |

**PLAINTIFF JULIAN MILLER'S MEMORANDUM IN OPPOSITION TO STATE DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT[1]**

Dated: June 9, 2006

Sean P. Hayes (I.D. No. 4413)
Fish & Richardson P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
(302) 652-5070
hayes@fr.com
*Attorney for Plaintiff*
*Julian A. Miller*

---

[1] This memorandum is filed both in opposition to State Defendants' Motion to Dismiss and in support of Plaintiff's Motion for Leave to File a Second Amended Complaint.

**TABLE OF CONTENTS**

<u>Page</u>

I. NATURE AND STAGE OF THE PROCEEDINGS ...........................................1

II. SUMMARY OF THE ARGUMENT ...................................................................1

III. STATEMENT OF FACTS .....................................................................................2

IV. ARGUMENT..........................................................................................................2

V. CONCLUSION.......................................................................................................4

## **TABLE OF AUTHORITIES**

**Page(s)**

*A.B. Dick Co. v. Burroughs Corp.*,
   617 F. Supp. 1382 (N.D. Ill. 1985) ............................................................................................6

*Becton Dickinson Co. v. Tyco Healthcare Group LP*,
   Civ. No. 02-1694-GMS (D. Del. October 1, 2004) .....................................................................5

*Driscoll v. Cebalo*,
   731 F.2d 878 (Fed. Cir. 1984)......................................................................................................6

*Eddy v. V I. Water & Power Authority*,
   256 F.3d 204 (3d Cir. 2001).........................................................................................................6

*Foman v. Davis*,
   371 U.S. 178 (1962).....................................................................................................................4

*Rhodia Chimie v. PPG Industries, Inc.*,
   Civ. No. 01-389-KAJ (D. Del. Jan. 28, 2003) .............................................................................5

*Seagate Technology LLC v. Cornice Inc.*,
   Civ. No. 04-418-SLR (D. Del. May 20, 2005) ............................................................................5

*Ward Electric Serv., Inc. v. First Commercial Bank*,
   819 F.2d 496 (4th Cir. 1987) .......................................................................................................5

## **STATUTES**

Fed. R. Civ. P. 15(a) ........................................................................................................................4

**I.      NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Julian A. Miller ("Plaintiff Miller") filed this civil rights action on October 18, 2004 as a *pro se* plaintiff. (D.I. 2). Plaintiff Miller claimed that his civil rights had been violated by Stanley Taylor, the Commissioner of the Delaware Department of Corrections, Thomas Carroll, the Warden of the Delaware Correctional Center, Dr. Sitta B. Gombeh-Alie, the Medical Director of the Delaware Correctional Center, and Nurse Ihoma, a registered nurse at the Delaware Correctional Center. Plaintiff Miller filed an amended complaint on March 7, 2005, to provide a typed version of his complaint. (D.I. 15). Defendants Stanley Taylor and Thomas Carroll filed a joint motion to dismiss pursuant to rules 12(B)(1) and 12(B)(6) of the Federal Rules of Civil Procedure on June 21, 2005. (D.I. 22). On January 26, 2006, the Court recognized the *pro bono* representation of Plaintiff Miller by Sean P. Hayes.

**II.     SUMMARY OF THE ARGUMENT**

1. The proposed second amended complaint addresses the issues identified in the State Defendants' Joint Motion to Dismiss Pursuant to Rules 12(B)(1) and 12(B)(6) of the Federal Rules of Civil Procedure.

2. The second amended complaint adds First Correctional Medical as a defendant and adds a state law claim of medical negligence.

3. This matter was referred to Sean P. Hayes, through the Federal Civil Panel of the United States District Court for the District of Delaware.

4. Motions to amend should be freely granted when justice so requires.

5. The liberal policy of allowing amendments includes adding and changing theories, and even allows adding new causes of action. Plaintiff Miller is adding a new defendant and a new cause of action based on the same conduct set forth in the original complaint.

    6.    There are no considerations of prejudice, undue delay, futility, or bad faith that weigh against the Court granting this Motion.

### III.    STATEMENT OF FACTS

Plaintiff has asserted, and continues to assert, that defendants violated his rights guaranteed by the United States Constitution by denying him proper medical care while he has been incarcerated at the Delaware Correctional Center, Smyrna, DE. On October 18, 2004, Plaintiff Miller filed a *pro se* complaint in the Delaware District Court claiming that his civil rights had been violated (D.I. 2), and on March 7, 2005, he filed an amended complaint. (D.I. 15). On June 21, 2005, the State Defendants filed a Joint Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 22). On January 26, 2006, the Court recognized the *pro bono* representation by Sean P. Hayes of Julian A. Miller. With the assistance of counsel, Plaintiff Miller opposes the State Defendants' joint motion to dismiss and seeks leave of the Court to amend his complaint. Accordingly, Plaintiff Miller files this Memorandum in Opposition to State Defendants' Joint Motion to Dismiss Pursuant to Rules 12(B)(1) and 12(B)(6) of the Federal Rules of Civil Procedure And in Support of his Motion For Leave To File A Second Amended Complaint.

### IV.    ARGUMENT

In opposition to the State Defendants' Joint Motion to Dismiss, Plaintiff Miller seeks leave to amend his complaint to elucidate the facts upon which the State Defendants are being sued in their individual capacities. Plaintiff Miller will no longer pursue claims against the State Defendants in their official capacities. In addition, the second amended complaint adds First Correctional Medical as a defendant and adds a state law claim of medical negligence.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Allowance of amendments to pleadings is a matter committed to the sound

discretion of the trial court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In *Foman*, the Supreme Court emphasized that leave to amend should be granted absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Not even a change in a party's theory of the case suffices as a reason for denial absent a showing of the foregoing *Foman* considerations. *Ward Elec. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987).

Following the appointment of counsel through the Federal Civil panel for the United States District Court for the District of Delaware and consultation with counsel, Plaintiff Miller seeks to elucidate his existing claims against the State Defendants by filing a motion for leave to file a second amended complaint. This motion is timely, is not futile, and will not prejudice the defendants. Under these circumstances, defendants will not and cannot be unduly prejudiced by the Court's granting of this Motion. The Motion should be granted. *Eddy v. V I. Water & Power Auth.*, 256 F.3d 204, 209 (3d Cir. 2001) ("Unless the opposing party will be prejudiced, leave to amend should generally be allowed.).

## V. CONCLUSION

For the reasons set forth above, Plaintiff Miller's Motion to Amend should be granted.

Dated: June 9, 2006								FISH & RICHARDSON P.C.


											By: */s/ Sean P. Hayes*
												Sean P. Hayes (#4413)
												hayes@fr.com
												919 N. Market Street, Suite 1100
												Wilmington, DE 19899-1114
												Tel: (302) 652-5070

											Attorney for Plaintiff
											Julian A. Miller


80033912.doc

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2006, I electronically filed with the Clerk of Court **PLAINTIFF JULIAN MILLER'S MEMORANDUM IN OPPOSITION TO STATE DEFENDANTS' JOINT MOTION TO DISMISS PURSUANT TO RULES 12(B)(1) AND 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel, and by Registered Mail, Return Receipt Requested to Dr. Sitta B. Gombeh-Alie at the address below.

**BY EMAIL AND BY HAND**

Aaron R. Goldstein (I.D. No. 3735)
Department of Justice
820 N. French Street
6th Floor
Wilmington, DE 19801
(302) 577-8400
aaron.goldstein@state.de.us

*Attorney for Defendants*
*Stanley Taylor and Thomas Carroll*


**BY REGISTERED MAIL**
**RETURN RECEIPT REQUESTED**

Dr. Sitta B. Gombeh-Alie
802 Ridge Court
Cantwell Ridge
Middletown, DE  19709


                                            */s/ Sean P. Hayes*
                                              Sean P. Hayes