UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JULIAN A. MILLER | ) | |
| | ) | C.A. No. 04-1367 |
| | ) | |
| | ) | JURY OF 12 DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, ET. AL | ) | |
| | ) | |
| Defendants, | ) | |

DEFENDANT DR. ALIE'S
MOTION FOR RELIEF FROM DEFAULT JUDGMENT

Pursuant to F.R.C.P. 60(b)(1) and 60(b)(6), defendant Dr. Alie moves the Court for an order vacating the default judgment entered against her on the following grounds:

1. Plaintiff, an inmate in the Delaware correctional system, alleges various health care related complaints against several defendants including Dr. Sitta Gombeh-Alie.

2. Dr. Alie was formerly employed by First Correctional Medical ("FCM"). FCM provided health care services to the Delaware correctional system from July 1, 2002 through June 30, 2005.

3. According to the docket sheet, defendant Alie was waived service of process on May 4, 2005, D.I. 24. However, evidence of this is not recorded on the docket sheet until July 27, 2005.

4. On July 10, 2006, counsel for FCM was made aware of this case by co-defendant's counsel Aaron Goldstein, Esquire. Counsel for FCM then spoke with plaintiff's attorney, Sean Hayes, Esquire and was granted an extension to file an Answer.

5. On July 11, 2006, counsel for FCM sent a letter to this Court, D.I. 48, informing the

Court of the circumstances and the extension granted by plaintiff's counsel.

6. Since receiving the initial thirty (30) day extension from plaintiff's counsel, counsel for FCM and Mr. Hayes have had several telephone conversations in which counsel for FCM was granted more time to file an answer. In fact, on or about August 22, 2006, counsel for FCM spoke with Mr. Hayes and stated that the answer would be filed by August 25, 2006. Mr. Hayes had no objection.

7. By order dated August 24, 2006, D.I. 52, default judgment was entered against defendant Alie for failure to respond to the complaint.

8. In the Third Circuit, default judgments are disfavored, and cases are generally decided on the merits. *Shearin v. Poole,* C.A. No. 03-580, 2004 WL 609320, at *1, (D.Del. March 23, 2004)(copy attached as Exhibit 1). A motion to vacate a default judgment is within the discretion of the Court. *Id*. Additionally, in this Court, Rule 60(b) is accorded a "liberal construction." *Heleasco Seventeen, Inc. v. Drake*, 102 F.R.D. 909, 915 (D.Del 1984). Defense counsel submits that such discretion weighs in favor of vacating the default judgment against Dr. Alie.

9. Plaintiff will not be prejudiced if the Court sets aside the default judgment as all other defendants remain and the Court just granted plaintiff's Motion to Amend Complaint. Defendant Dr. Alie has a meritorious defense and her failure to respond was not the result of culpable conduct. *See Shearin*, 2004 WL 609320, at *1.

10. As plaintiff's counsel granted an extension to file an Answer, counsel for FCM submits that vacation of the default judgment pursuant to Rule 60(b)(6) is appropriate. With respect to Rule 60(b)(1), defense counsel submits that there very well may have been mistake, inadvertence, or excusable neglect on the part of Dr. Alie. As the former medical director of the State of Delaware,

Court of the circumstances and the extension granted by plaintiff's counsel.

6. Since receiving the initial thirty (30) day extension from plaintiff's counsel, counsel for FCM and Mr. Hayes have had several telephone conversations in which counsel for FCM was granted more time to file an answer. In fact, on or about August 22, 2006, counsel for FCM spoke with Mr. Hayes and stated that the answer would be filed by August 25, 2006. Mr. Hayes had no objection.

7. By order dated August 24, 2006, D.I. 52, default judgment was entered against defendant Alie for failure to respond to the complaint.

8. In the Third Circuit, default judgments are disfavored, and cases are generally decided on the merits. *Shearin v. Poole,* C.A. No. 03-580, 2004 WL 609320, at *1, (D.Del. March 23, 2004)(copy attached as Exhibit 1). A motion to vacate a default judgment is within the discretion of the Court. *Id*. Additionally, in this Court, Rule 60(b) is accorded a "liberal construction." *Heleasco Seventeen, Inc. v. Drake*, 102 F.R.D. 909, 915 (D.Del 1984). Defense counsel submits that such discretion weighs in favor of vacating the default judgment against Dr. Alie.

9. Plaintiff will not be prejudiced if the Court sets aside the default judgment as all other defendants remain and the Court just granted plaintiff's Motion to Amend Complaint. Defendant Dr. Alie has a meritorious defense and her failure to respond was not the result of culpable conduct. *See Shearin*, 2004 WL 609320, at *1.

10. As plaintiff's counsel granted an extension to file an Answer, counsel for FCM submits that vacation of the default judgment pursuant to Rule 60(b)(6) is appropriate. With respect to Rule 60(b)(1), defense counsel submits that there very well may have been mistake, inadvertence, or excusable neglect on the part of Dr. Alie. As the former medical director of the State of Delaware,

Dr. Alie is named in countless *pro se* prisoner suits - specifically 42 U.S.C. § 1983 actions. With involvement in so many actions, there is no reason to suspect that she was deliberately ignoring this case.

11.   Therefore, defendant Dr. Alie respectfully requests that the Court enter an order granting her Motion for Relief from Default Judgment.

                              **McCULLOUGH & McKENTY, P.A.**

                              /s/ Dana Spring Monzo
                              Daniel L. McKenty, Del. Bar No. 2689
                              Dana Spring Monzo, Del. Bar No. 4605
                              1225 N. King Street, Suite 1100
                              P.O. Box 397
                              Wilmington, DE 19899-0397
                              (302) 655-6749
                              Attorneys for Defendant Dr. Alie

August 24, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JULIAN A. MILLER ) | |
| ) | C.A. No. 04-1367 |
| ) | |
| ) | JURY OF 12 DEMANDED |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STANLEY TAYLOR, ET. AL ) | |
| ) | |
| Defendants, ) | |

ORDER

The Court having considered *Defendant Dr. Alie's Motion for Relief from Default Judgment*, and it appearing that vacation of the default judgment is warranted at this time,

IT IS ORDERED that defendant's motion is granted and the default judgment against defendant Dr. Alie is vacated.

_____
J.

Dated: _____

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JULIAN A. MILLER | ) | |
| | ) | C.A. No. 04-1367 |
| | ) | |
| | ) | JURY OF 12 DEMANDED |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, ET. AL | ) | |
| | ) | |
| Defendants, | ) | |

## CERTIFICATE OF SERVICE

I, **DANA SPRING MONZO**, hereby certify that on the 24th day of August, 2006, a copy of the attached *Defendant Dr. Alie's Motion for Relief from Default Judgment* was sent to the following via electronic notification:

Aaron Goldstein, Esquire
820 N. French Street, 8th Floor
Wilmington, DE 19801

Sean P. Hayes, Esquire
Fish & Richardson, P.C.
919 North Market Street, Ste 1100
P.O. Box 1114
Wilmington, DE 19899-1114

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for Defendant Dr. Alie

August 24, 2006