UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JULIAN A. MILLER | ) | |
| | ) | C.A. No. 04-1367 |
| | ) | |
| | ) | **JURY OF 12 DEMANDED** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STANLEY TAYLOR, ET. AL | ) | |
| | ) | |
| Defendants, | ) | |

### DEFENDANT ALIE'S ANSWER TO SECOND AMENDED COMPLAINT

1. Admitted upon information and belief.

2. Denied. By way of further answer, admitted that plaintiff has had complaints of foot pain.

3. Denied.

4. Denied.

5. Denied.

6. Admitted upon information and belief.

7. Answering defendant is without sufficient information to admit or deny as this allegation is directed toward another defendant.

8. Answering defendant is without sufficient information to admit or deny as this allegation is directed toward another defendant.

9. Denied. By way of further answer, admitted that defendant Sitta B. Gombeh-Alie, M.D. served as a medical director for FCM Delaware.

1

10. Answering defendant is without sufficient information to admit or deny as this allegation is directed toward another defendant.

11. Answering defendant is without sufficient information to admit or deny as this allegation is directed toward another defendant.

12. This paragraph does not state an allegation and, as such, no response is required.

13. Wrongful conduct by answering defendant is denied and it is denied that any conduct by answering defendant caused any injuries, illnesses, or damages of any nature to the plaintiff.

14. This paragraph is directed toward another defendant and as such no answer is required.

15. Plaintiff's pleading speaks for itself.

16. Admitted.

17. Admitted.

18. Admitted that plaintiff Miller began to complain of aches in and around the arch area of his feet in early 2004. Answering defendant is without sufficient information to admit or deny the allegation that plaintiff Miller had no pain in or medical problems with his feet prior to January 2004.

19. Answering defendant is without sufficient information to admit or deny the allegation contained in this paragraph.

20. Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

21. Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

22. Denied.

23. Admitted that plaintiff was seen by defendant Ihoma on February 4, 2004. Answering defendant is without sufficient information to admit or deny the remaining allegations contained in this paragraph as they are directed to another defendant.

24. Denied.

25. Admitted that plaintiff Miller submitted a sick call slip on February 16, 2004, complaining of pain in his feet and difficulty walking.

26. Denied. Plaintiff Miller's sick call slip was reviewed and he was scheduled for chronic care clinic to be seen in March 2004.

27. Admitted that plaintiff Miller submitted the sick call slip on February 22, 2004, complaining that medication provided did not resolve pain in his feet and complaining of difficulty sleeping due to pain in feet.

28. Denied.

29. Admitted.

30. Admitted that plaintiff Miller submitted a sick call slip on March 9, 2004, regarding his inability to sleep through the night because of the pain in his feet. Admitted that plaintiff noted he still had not received arch supports. Denied that plaintiff had a February 4, 2004, hospital visit.

31. Admitted that plaintiff Miller sent defendant Gombeh-Alie a letter. Answering defendant is without sufficient information to admit or deny the date of this letter. Furthermore, wrongful conduct by answering defendant is denied and it is denied that any conduct by answering defendant caused any injuries, illnesses or damages of any nature to the plaintiff.

32. Admitted.

33. Admitted.

34. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph.

35. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph.

36. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph.

37. Denied. By way of further answer, admitted that defendant received arch supports on March 22, 2004.

38. Wrongful conduct by answering defendant is denied and it is denied that any conduct by answering defendant caused plaintiff any injuries, illnesses or damages of any nature.

39. Denied.

40. Admitted.

41. Admitted that plaintiff Miller submitted a sick call slip on April 7, 2004.

42. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph.

43. Admitted that plaintiff Miller submitted a grievance on April 19, 2004. Wrongful conduct by answering defendant is denied and it is denied that any conduct by answering defendant caused plaintiff any injuries, illnesses or damages of any nature.

44. Denied. By way of further answer, admitted that plaintiff saw Dr. Alie on May 4, 2004.

45. Denied. By way of further answer, admitted that defendant Dr. Alie made a note on an informal resolution page from plaintiff Miller's March 4, 2004, grievance submission.

46. Denied.

47. Denied.

48. Admitted that plaintiff Miller appeared before Nurse Rivera on May 7, 2004. Answering defendant is without sufficient information to admit or deny the allegations regarding what plaintiff Miller was told regarding his diagnosis.

49. Admitted that plaintiff Miller filed a May 14, 2004, grievance.

50. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

51. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

52. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

53. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

54. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

55. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

56. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

57. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

58. Admitted that plaintiff filed a sick call slip on May 17, 2004.

59. Admitted that plaintiff submitted a sick call slip on May 24, 2004.

60. Admitted that plaintiff Miller filed a sick call slip on June 1, 2004.

61. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

62. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

63. Admitted that plaintiff filed a sick call slip on July 6, 2004.

64. Denied. By way of further answer, admitted that plaintiff Miller appeared before Nurse Hastings on July 16, 2004. Answering defendant is without sufficient information to admit or deny what was stated by Nurse Hastings to plaintiff Miller.

65. Admitted that plaintiff Miller filed a sick call slip on August 8, 2004.

66. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph.

67. Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

68. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

69. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

70. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

71. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

72. Denied. By way of further answer, admitted that on September 14, 2004, Terry Hastings issued a notice of informal resolution.

73. Admitted.

74. Denied. By way of further answer, admitted that on November 16, 2004, the bureau grievance officer made a decision regarding plaintiff's September 6, 2004, grievance.

75. Admitted.

76. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph. Wrongful conduct by answering defendant is denied and it is denied that any conduct by answering defendant caused any injuries, illnesses, or damages of any nature to the plaintiff.

77. Denied.

78. Denied.

79. Denied.

80. Denied. By way of further answer, admitted that plaintiff Miller filed a Complaint in the United States District Court for the District of Delaware on October 18, 2004.

81. Denied. By way of further answer, admitted that plaintiff Miller filed an Amended Complaint on March 7, 2005.

82. Admitted.

83. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

84. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph.

## Causes of Action

### Count I: Deliberate Indifference to a Serious Medical Need Against State Defendants

85. Answering defendant re-alleges paragraphs 1-84 of the Second Amended Complaint as if fully set forth herein.

86. Admitted.

87. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed to other defendants. As to any and all allegations regarding medical treatment provided by First Correctional Medical and its employees, denied.

88. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

89. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

90. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as they are directed toward another defendant.

### Count II: Deliberate Indifference to Serious Medical Need Against All Healthcare Defendants

91. Answering defendant re-alleges paragraphs 1-84 of the Second Amended Complaint as if fully set forth herein.

92. Admitted.

93. Denied.

94. Denied.

95. Denied. By way of further answer, answering defendant was the medical director of First Correctional Medical Delaware.

96. Answering defendant is without sufficient information to admit or deny the allegations in this paragraph as this allegation is directed toward another defendant.

97. Denied in full and as to each subpart.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

**Count III: Due Process of Law Violation Against All Defendants**

102. Answering defendant re-alleges paragraphs 1-84 of the Second Amended Complaint as if fully set forth herein.

103. Admitted.

104. Denied.

105. Denied. Wrongful conduct by answering defendant is denied and it is denied that any conduct by answering defendant caused any injuries, illnesses or damages of any nature to the plaintiff.

106. Denied. Wrongful conduct by answering defendant is denied and it is denied that any conduct by answering defendant caused any injuries, illnesses or damages of any nature to the

plaintiff.

107.    Denied. Wrongful conduct by answering defendant is denied and it is denied that any conduct by answering defendant caused any injuries, illnesses or damages of any nature to the plaintiff.

### Count IV: Medical Negligence Against All Healthcare Defendants

108.    Answering defendant re-alleges paragraphs 1-84 of the Second Amended Complaint as if fully set forth herein.

109.    Answering defendant is without sufficient information to admit or deny the allegations in this paragraph.

110.    Admitted that defendant Gombeh-Alie is a physician licensed to practice medicine in the State of Delaware.

111.    Admitted.

112.    Answering defendant is without sufficient information to admit or deny as this allegation is directed to another defendant.

113.    Answering defendant is without sufficient information to admit or deny as this allegation is directed to another defendant.

114.    Denied as stated.  By way of further answer, plaintiff Miller received medical care from First Correctional Medical during the year of 2004 through the termination of First Correctional Medical's contract with the State of Delaware on June 30, 2005.

115.    Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

116. Answering defendant is without sufficient information to admit or deny the allegations contained in this paragraph.

117. Denied in full and as to each subpart.

118. This paragraph requires no response.

119. Denied.

120. Denied.

121. Denied.

122. Wrongful conduct is denied and it is denied that answering defendant caused any injuries, illnesses, or damages of any nature to the plaintiff.

123. Wrongful conduct is denied and it is denied that answering defendant caused any injuries, illnesses, or damages of any nature to the plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

124. The complaint fails to state a claim against defendant upon which plaintiff may recover.

### SECOND AFFIRMATIVE DEFENSE

125. The complaint fails to state a claim against defendant upon which plaintiff may recover with respect to all civil rights claims as defendant was not deliberately indifferent to a serious medical condition.

### THIRD AFFIRMATIVE DEFENSE

126. The complaint fails to state a medical malpractice claim against defendant upon which plaintiff may recover as defendant did not breach a duty to the plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

127. The complaint fails to state a claim against defendant upon which plaintiff may recover with respect to all civil rights claims as plaintiff failed to exhaust the administrative grievance process.

## FIFTH AFFIRMATIVE DEFENSE

128. Defendant provided plaintiff with medical care that was appropriate for his conditions and which met the applicable standards of care.

## SIXTH AFFIRMATIVE DEFENSE

129. The complaint fails to state a claim for punitive damages upon which plaintiff may recover.

## SEVENTH AFFIRMATIVE DEFENSE

130. Plaintiff has failed to proffer any medical expert testimony or support for his claims of medical negligence.

**WHEREFORE**, answering defendant demands that the action against her be dismissed and that she be awarded the call of the defense of this action.

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Daniel L. McKenty, Del. Bar No. 2689
Dana Spring Monzo, Del. Bar No. 4605
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for Defendant Dr. Alie

September 18, 2006